UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL A. McCRAY, )
          Plaintiff )
)
)
v. ) Civil Action No. 10-30171-MAP
)
)
UNITED STATES POSTAL SERVICE, )
          Defendant )

REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS (Document No. 16)
November 15, 2011

NEIMAN, U.S.M.J.

This is an action by a *pro se* plaintiff against his former employer in which the employee asserts a wide variety of claims stemming from the denial of workers' compensation benefits. Thomas McCray ("Plaintiff") is suing the United States Postal Service ("Defendant") for actions ranging from a failure to report an injury to physical assault and conspiracy against rights.

Defendant has moved to dismiss Plaintiff's complaint in its entirety due to a lack of subject matter jurisdiction, which motion has been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons which follow, the court will recommend that Defendant's motion be granted.

I. STANDARD OF REVIEW

A *pro se* plaintiff is "entitled to liberal construction of his allegations, no matter how inartfully pled." *Stern v. Haddad Dealerships of the Berkshires, Inc.*, 477 F. Supp.

1

2d 318, 321 (D.Mass. 2007).  Still, to avoid dismissal on a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction lies with the court. *See, e.g.*, *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir.1995) (party invoking diversity jurisdiction must demonstrate complete diversity).  To determine if the plaintiff satisfies this burden in the face of a motion to dismiss, the court treats all well-pleaded facts in the complaint as true and indulges all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Under Fed. R. Civ. P 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While a pleading attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions. *Id.* at 555.  It also demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009).  The claim must have facial plausibility, which occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## II. BACKGROUND

Through his original and two amended complaints, Plaintiff alleges a convoluted set of facts dating back to 1996.  Many of the factual allegations are fractured, and the court has had to piece them together by reading across all three documents.  Only a small portion of the facts, however, are relevant to the claims asserted by him.  Accordingly, the court will summarize the undisputed facts and Plaintiff's allegations

central to Defendant's motion to dismiss. The court cites the record where possible.

Plaintiff, a former employee of Defendant, asserts that he suffered an on-site injury on or around January 22, 2001. (Amended Complaint (Document No.10) ¶1.) Plaintiff allegedly notified a supervisor, Bill Wheeler, of the incident and went home. (Id.) After Plaintiff did not return to work, his regular supervisor, Stanley Koziol, requested on January 24, 2001, that Plaintiff either return to work, provide a legitimate explanation for his absence, or resign. (Am. Compl., Ex. K.) Plaintiff did not reply to explain his injury until February 8, 2001, a day before a scheduled disciplinary action by Defendant. (Am. Compl., Ex. A.) Plaintiff's neurologist, Dr. Thomas Kaye, did not notify Defendant until February 22nd that Plaintiff was cleared to return to work, but on February 26th Plaintiff was terminated from his employment. (Am. Compl., Exs. D, H.)

Two years later, Plaintiff filed a workers' compensation claim with the Office of Workers' Compensation Programs ("OWCP"). The claim was denied on March 5, 2004, due to Plaintiff's failure to notify Defendant of the injury within thirty days. (Am. Compl., ¶17.) Shortly thereafter, both Koziol and Wheeler denied any recollection of Plaintiff suffering or notifying them of a workplace injury on January 22, 2001. (Am. Compl., Ex. F.) Plaintiff appealed the decision, citing the letter he sent on February 8, 2001, and requested a hearing. A telephonic hearing was conducted on February 2, 2006, and on April 3, 2006, the OWCP denied Plaintiff's claim on the basis that there was no causal relationship between the injury and the alleged incident. (Am. Compl., Ex. J.) Plaintiff's request for reconsideration was denied on June 14, 2006, as were his two subsequent requests for reconsideration in 2009. Plaintiff never filed an appeal with the Employee's Compensation Appeals Board, although he has inquired into the process.

In April of 2007, Plaintiff filed a claim with the USPS Office of the Inspector General ("OIG"). The details of Plaintiff's ensuing meeting with the OIG are unclear; Plaintiff alleges that the OIG admitted that Koziol and Wheeler had made a false report, selectively recorded his answers to questions, and did not provide him a copy of the report. In September of 2009, Plaintiff was provided a copy of the report by the OIG Special Inquiries Division ("SID"), to whom Plaintiff had complained, but he claims that fourteen pages are missing from the report and that his statements had been altered. (Am. Compl., ¶34.) In any event, the case was terminated on February 19, 2009, because Plaintiff did not make a protected communication with a congressman about his allegations, which is evidently a requirement under the No Fear Act, Pub. L. 107-174. (Am. Compl., Ex. L.) Plaintiff also alleges that he was taken advantage of by the SID because his claim did meet that criterion. (Am. Compl., ¶35.)

Those being the alleged facts, Plaintiff claims that Defendant engaged in a systematic effort to discredit and falsely accuse him, conceal the truth of his injury, intimidate his doctors, and lie to other agencies. Plaintiff also claims that, after his injury, Koziol and Wheeler lied about Plaintiff having not reported the injury to them. Plaintiff also alleges that, the month after his injury, Defendant erroneously reported to Veterans' Affairs ("VA") that he had walked away from his employment and gone "AWOL," which somehow led to the VA denying his unemployment claim when his employment was terminated.

Plaintiff also claims that Defendant has been retaliating against him for not "dropping" his OWCP claim and for filing a complaint with the OIG. He vaguely asserts as well that Defendant's agents have been making false accusations about him in his

4

neighborhood, intimidating his doctors into revealing confidential information, observing him from parked cars outside his house, and dressing in disguises and following him to his doctor's appointments. Moreover, Plaintiff claims that, after Defendant accused him of trading his prescriptions for illegal drugs, he was forced to take a drug test by his doctor, who also interrogated him about whether he used crack cocaine. In addition, Plaintiff alleges that on March 1, 2009, he was assaulted by two of Defendant's employees.

Further complicating Plaintiff's story are allegations about another employee of Defendant, Jack Hoar. Plaintiff alleges that beginning in December of 1999, prior to his alleged injury, Hoar began spreading lies and rumors about him. Plaintiff claims to not personally know Hoar but believes that Hoar used his position as a supervisor to gain access to his employment records. And although Plaintiff undisputably filed complaints with the Equal Employment Opportunity Commission ("EEOC") in January and December of 2001, he alleges that he had to withdraw those complaints because Hoar intimidated witnesses into not testifying. (Am. Compl., Ex. N.)[1] Plaintiff further alleges that Hoar has spread rumors around his neighborhood about him.

Plaintiff filed his initial complaint with the court on August 16, 2010. Although the relief he seeks is at times unclear, Plaintiff appears to want the cessation of any retaliatory acts by Defendant, the cessation of Hoar's personal attacks, and the termination of attempts by Defendant to prejudice his potential appeal before the

---

[1]The exhibit referenced by Plaintiff seems to indicate that the EEOC was scheduling a structured mediation-type proceeding, not the type of hearing where witnesses would be called.

Employee's Compensation Appeals Board ("ECAB"). Plaintiff also seeks damages for the complained-of actions.

## II. DISCUSSION

The scattered and convoluted nature of Plaintiff's complaint make resolving Defendant's motion to dismiss somewhat difficult. However, after a thorough review, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

### I. Review of OWCP Decisions

Most if not all of Plaintiff's claims center on a review of the OWCP's denial of his worker compensation claim. For the reasons described below, the court does not have the subject-matter jurisdiction to review an OWCP decision.

The Federal Employment Compensation Act ("the Act") is a comprehensive and exclusive workers' compensation scheme for federal employees. The Act grants the Secretary of Labor authority to administer and decide all issues arising thereunder. *See* 5 U.S.C. § 8145. That authority, in turn, has been delegated to the OWCP, which implements the procedures called for in the Act. *See* 20 C.F.R. § 10.1. At the behest of Congress, the ECAB was established with the authority to hear and make final decisions on appeals from the OWCP. *See* 5 U.S.C. § 8149.

Due to the comprehensive and exclusive nature of this statutory scheme, federal courts are barred from reviewing any decisions made by the OWCP, ECAB, or the Secretary regarding workers' compensation claims. The Act clearly provides that all such decisions are "final and conclusive" and "not subject to review. . .by a court by mandamus or otherwise." 5 U.S.C. § 8128. This exclusive administrative remedy has

been acknowledged and approved by the Supreme Court:

> In enacting [the Act] Congress adopted the principal compromise...commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). The First Circuit too has noted that, under the Act, an "action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law." *Bruni v. United States*, 964 F.2d 76, 79 (1992); *accord Paluca v. Secretary of Labor*, 813 F.2d 524 (1st Cir. 1986). In short, the court simply does not have subject matter jurisdiction to review the OWCP decision denying Plaintiff workers' compensation benefits.

To be sure, Plaintiff states that he is not seeking review of the OWCP decision, although he frequently invites the court to do just that. Rather, Plaintiff asserts, he is merely seeking an injunction to allow him to successfully pursue his workers' compensation claim. While this is creative avoidance on Plaintiff's part, it is clear that, in his complaint he is challenging the substance of the OWCP's decision, which necessarily involves a review of its rationale, the very review precluded by the Act. Accordingly, the court will recommend that Plaintiff's claim, to the extent it involves the OWCP claim, be dismissed.

II. Other Federal Statutory Claims

Plaintiff also invokes other federal statutes throughout his complaint as providing alternative bases for relief, for example, 18 U.S.C. §§ 241-42, 245, 249, 1001, 1035, and 42 U.S.C. § 3631. Unfortunately for his cause, however, those statutes do not provide a private right of action upon which Plaintiff can rely for relief. They all impose

criminal sanctions and cannot be used in a civil action.  *See, e.g., Cok v. Cossentino*, 876 F.2d 1, 2 (1st Cir. 1989) (no private right of action under 18 U.S.C. § 241); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) *aff'd*, 350 F. App'x. 605 (3d Cir. 2009) (no private right of action under 18 U.S.C. § 242); *Dugar v. Coughlin*, 613 F.Supp. 849 (S.D.N.Y. 1985) (no private right of action under 18 U.S.C. 245); *Benitez v. Rumage*, CIV.A. C-11-208, 2011 WL 3236199 (S.D. Tex. July 27, 2011) (no private right of action under 18 U.S.C. § 249); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (same); *Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 138 (4th Cir.1987) (no private right of action under 18 U.S.C. § 1001); *Slovinec v. Illinois Dept. of Human Services*, 02 C 4124, 2005 WL 442555 (N.D. Ill. Feb. 22, 2005) (no private right of action under 18 U.S.C. § 1035); *Adams v. Easley*, No. CIV S-11-0826, 2011 WL 3875999 (E.D. Cal., Sept. 1, 2011) (no private right of action under 42 U.S.C. § 3631).  Accordingly, the court will recommend that those federal statutory claims be dismissed as well.

III. <u>Other Allegations</u>

Plaintiff's remaining allegations are, at worst, inconsistent and, at best, vague and confusing.  For example, there are hints in Plaintiff's complaint that he may be seeking relief for claims that are not otherwise precluded by the Federal Employment Compensation Act.  Yet, even under the relaxed pleading standard for *pro se* plaintiffs, Plaintiff has failed to identify the exact parties, facts, jurisdiction, and claims he wishes to pursue, and nowhere does he set forth a theory of recovery for any of his grievances.  In the end, it is neither the court's nor Defendant's responsibility to create a viable complaint out of Plaintiff's convoluted documents.

## Conclusion

For the reasons stated, the court recommends that Defendant's motion to dismiss Plaintiff's complaint be GRANTED in its entirety.[2]

DATED: November 15, 2011

                                      /s/ Kenneth P. Neiman
                                      KENNETH P. NEIMAN
                                      U.S. Magistrate Judge.

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.