```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

MICHAEL A. McCRAY,             )
        Plaintiff              )
                               )
        v.                     ) C.A. NO. 10-cv-30171-MAP
                               )
UNITED STATES POSTAL SERVICE   )
and ROBERT POMEROY,            )
        Defendants             )


             MEMORANDUM AND ORDER REGARDING
        REPORT AND RECOMMENDATION WITH REGARD TO
             DEFENDANTS' MOTION TO DISMISS
                   (Dkt. Nos. 16 & 24)

                    February 24, 2012

PONSOR, U.S.D.J.

   Plaintiff, proceeding pro se, has brought suit against the United States Postal Service ("USPS") and a supervisor Robert Pomeroy, alleging a series of violations stemming from the denial of his workers' compensation application.

   Defendants filed their motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 16), which was referred to Magistrate Judge Kenneth P. Neiman for a report and recommendation.  On November 15, 2011, Judge Nieman issued his Report and Recommendation to the effect that

Defendants' motion should be allowed.[1] (Dkt. No. 24). Plaintiff submitted his objections and letters containing additional information thereafter.

It is not necessary for the court to review the background and factual summary contained in the Report and Recommendation in detail. The allegations of the complaint, and the exhibits submitted by Plaintiff, present a complex picture, and Judge Neiman did an excellent job summarizing the background. Upon de novo review, the court hereby adopts the factual summary set forth in the detailed Report and Recommendation. Similarly, Judge Neiman's legal analysis is well supported. As Defendants' memorandum points out, and as Judge Neiman found, this court lacks subject matter jurisdiction to review a decision of the Office of Workers' Compensation Programs. Bruni v. United States, 964 F.2d 76, 79 (1992).

The other claims that Plaintiff attempts to assert simply lack the jurisdictional foundation to sustain them in this court. As the Report and Recommendation notes, many of the statutes asserted by Plaintiff do not provide a private right of action. Other claims lack any jurisdictional

---

[1] The Report referred to Defendant in the singular. As the employee of the USPS, the individual Defendant Pomeroy is legally indistinguishable from the USPS. The dismissal ordered below applies to both Defendants.

foundation whatsoever.

Plaintiff's sense of grievance emerges clearly from the pleadings, and the court does not doubt his sincerity. Unfortunately, however, for the reasons set forth by Judge Neiman, the claims lack any cognizable legal basis to permit action by this court. It would be false generosity to Plaintiff, in these circumstances, to encourage further pursuit of this action.

For the foregoing reasons, upon <u>de novo</u> review, the court hereby ADOPTS Magistrate Judge Neiman's Report and Recommendation (Dkt. No. 24). Defendants' Motion to Dismiss (Dkt. No. 16) is hereby ALLOWED, and the clerk is ordered to enter judgment for Defendants.

It is So Ordered.

                                    <u>/s/ Michael A. Ponsor</u>
                                    MICHAEL A. PONSOR
                                    U. S. District Judge